# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| STAN HUNT | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-562 |
| LUWANNA REED | § | |

## MEMORANDUM OPINION

Plaintiff Stan Hunt, a former prisoner, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against LuWanna Reed.

### Factual Background

Plaintiff was previously incarcerated at the Hightower Unit of the Texas Department of Criminal Justice, Correctional Institution Division. At the time plaintiff was confined there, the defendant was the Hightower Unit property officer. Plaintiff alleges his personal property was searched on July 12, 2012, by correctional officer K. Joseph. Plaintiff alleges Officer Joseph placed plaintiff's property in a "sizing bin," which is used to determine the amount of personal property inmates are allowed to have. When the bin was nearly full, the defendant informed plaintiff that his legal materials and books were contraband because it constituted excessive property. Plaintiff alleges he told the defendant that the law library staff allowed him to keep the legal materials in his locker, but the defendant improperly confiscated it anyway. Plaintiff threatened to file grievances against the defendant if she confiscated the property, but the defendant confiscated it and advised plaintiff that it would be destroyed after seven days if he did not dispose of it. Plaintiff alleges he filled out paperwork to allow his property to be released to any of his visitors within the sixty-day period allowed by prison policies. Plaintiff alleges he had a visitor come on August 4, 2012, to pick

up the legal materials, but a prison staff member told the visitor that there was no property for the visitor to take home.

On August 31, 2012, plaintiff alleges the defendant told him that the legal materials would be destroyed because plaintiff had filed a grievance against the defendant. However, the defendant did not destroy the legal materials. On September 19, 2012, the defendant and the law library supervisor brought plaintiff's confiscated legal materials and a sizing bin to plaintiff's cellblock. Plaintiff was allowed to go through his property and place the items he wanted to keep in the sizing bin. Plaintiff was advised that any excess property would be confiscated. When the sizing bin was filled halfway with legal materials, plaintiff asked whether the remaining legal materials would be exempted because he had a request for extra legal storage space pending with the law librarian. Plaintiff was again advised that the excess property would be confiscated. Plaintiff alleges he filled the bin with legal materials, and then the defendant confiscated the remaining property, which consisted of legal materials, books, writing supplies, and items from the commissary.

After plaintiff complained to the defendant's supervisors, the defendant returned most of plaintiff's legal property to him on October 23, 2012. Plaintiff alleges the defendant did not return his non-legal property, and told plaintiff she would file a disciplinary charge against the plaintiff if he continued to complain about her.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

## Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Phillips v. Monroe County*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Property Claim*

Plaintiff contends his personal and legal property was improperly confiscated by the defendant. A claim of deprivation of property by persons acting under color of state law may be cognizable in § 1983 litigation under the Due Process Clause of the Fourteenth Amendment. However, where the deprivation was random and unauthorized, and the state has an adequate post-deprivation tort remedy, due process is satisfied. *Hudson v. Palmer,* 468 U.S. 517 (1984) (holding that the due process clause is not violated when a state employee intentionally deprives an individual of property where the state has a meaningful post-deprivation remedy); *Parratt v. Taylor,* 451 U.S. 527 (1981) (finding no due process violation when a state employee negligently deprives an individual of property if the state provides a post-deprivation remedy), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986); *see also Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (concluding that plaintiff failed to state a claim regardless of whether the deprivation of property was the result of negligence or intentional misconduct); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (noting that deprivations of property caused by the misconduct of state officials do not violate constitutional due process, provided adequate state post-deprivation remedies exist).

In this case, plaintiff alleges the deprivation of his property was random and unauthorized. The Texas tort of conversion provides an adequate post-deprivation remedy. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). As a result, plaintiff has failed to state a constitutional claim for the deprivation of his property.

*Access to Courts*

Prisoners have a right to access to the courts protected by the First Amendment right to petition for redress of grievances, and the Fourteenth Amendment guarantees of procedural and substantive due process. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986). This right can be satisfied through appointed counsel, access to a law library, or access to legally trained paraprofessionals. *Bounds*, 430 U.S. at 830-31. However, *Bounds* "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Rather, the right of access to the courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. In order to recover for a denial of access to the courts, an inmate must show that "an actionable claim [involving a challenge to a sentence or conditions of confinement] which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented . . . ." *Id.* at 356; *see also Woodard v. Andrus*, 419 F.3d 348, 354 (5th Cir. 2005) (affirming dismissal of access to courts claim because plaintiff did not show that the defendant's actions delayed her ability, or deprived her of her right, to avail herself of the legal process).

Plaintiff alleges he was working on legal matters, but he has not demonstrated that the loss of his legal materials prevented him from pursuing a non-frivolous claim concerning his criminal

prosecution or the conditions of confinement. Therefore, he has failed to state a claim that he was denied access to the courts.

*Retaliation*

Plaintiff contends the defendant's actions were retaliatory. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *Perry v. Sinderman*, 408 U.S. 593, 597 (1972). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish a retaliation claim, an inmate must prove: (1) he was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). Conclusory allegations are insufficient to establish a retaliation claim. *Woods*, 60 F.3d at 1166. The inmate must either produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004).

With respect to his claim that the defendant confiscated his property on July 12, 2012, to retaliate against him, plaintiff has failed to demonstrate that the defendant intended to retaliate against him. There are no direct allegations of motivation, and plaintiff failed to allege a chronology of events from which retaliation may be inferred. With respect to his claim that the defendant threatened to destroy the legal property and to file a disciplinary charge against him if he continued

6

to complain and file grievances against her, plaintiff has not demonstrated that the defendant actually took those adverse actions against the plaintiff. Therefore, these claims lack merit.

*Exhaustion*

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. In addition, prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Texas Department of Criminal Justice, Correctional Institutions Division has a two-step grievance procedure available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Plaintiff states that he exhausted the claims that arose on July 12, 2012, before he filed this lawsuit. However, he states that his other claims were exhausted after he filed this lawsuit on

November 13, 2012.[1] Therefore, in addition to being frivolous and failing to state a claim on the merits, those claims also fail to state a claim upon which relief may be granted because they were unexhausted at the time plaintiff filed this action.

*State Tort Claims*

Plaintiff has also asserted causes of action arising under state law. In accordance with 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. As the federal claims should be dismissed, the court should decline to exercise supplemental jurisdiction over the state law claims.

## Conclusion

This civil rights action should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted. A final judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **28** day of **March, 2016.**

_____
Thad Heartfield
United States District Judge

---

[1] A prisoner's pleading is considered filed on the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Plaintiff states that he placed his complaint in the prison mail system on November 13, 2012.